UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-4584(DSD/FLN)

David Zanor,

        Plaintiff,

v.                                      **ORDER**

Michael J. Astrue, Commissioner
of Social Security,

        Defendant.

This matter is before the court upon plaintiff's objections to the report and recommendation of United States Magistrate Judge Franklin L. Noel dated March 26, 2009. In his report, the magistrate judge recommends that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. For the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

Plaintiff David Zanor ("Zanor") seeks judicial review of a decision by defendant Commissioner of Social Security ("Commissioner") to deny his June 21, 2005, application for social security disability benefits. Zanor's application was denied initially and upon reconsideration. Zanor then requested an administrative hearing. At the October 4, 2007, hearing, an Administrative Law Judge ("ALJ") heard testimony from Zanor and

vocational expert David Russell. (Admin. R. at 432, 434, 455.) On December 28, 2007, the ALJ affirmed the denial of Zanor's application. (Id. at 25.) The Social Security Administration Appeals Council later denied Zanor's request for review, thus making the ALJ's determination the final decision of the Commissioner. Zanor filed the present action on July 7, 2008, seeking judicial review of the ALJ's decision. Both parties moved for summary judgment, and the magistrate judge recommends granting defendant's motion because the ALJ properly evaluated the medical severity of Zanor's impairments, correctly found that Zanor did not meet the criteria of Social Security Income listing 12.04 and appropriately weighed Zanor's credibility as well as the opinions of his treating physicians. Zanor objects.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decisions of the Commissioner for substantial evidence. See 28 U.S.C. § 636(b)(1)(c); 42 U.S.C. § 405(g); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). Substantial evidence is evidence "that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citing Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006)). The substantial evidence test requires analysis of the record as a

whole and consideration of evidence that supports and detracts from the Commissioner's decision. Id. The court, however, may not "reverse the Commissioner's decision simply because there is evidence supporting a different result." Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997). Rather, the court will disturb the ALJ's decision to deny benefits only if "the record contains insufficient evidence to support the outcome." Nicola, 480 F.3d at 885 (citing Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994)). In other words, the question before the court is whether, considering the entire record, a jury could have reasonably come to the same conclusion as the ALJ. See Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67 (1998).

The Commissioner employs a five-step sequential analysis in making a disability determination. See 20 C.F.R. § 404.1520(a)(4). The ALJ must consider (1) whether the claimant has engaged in substantial gainful activity during the alleged disability period, (2) the medical severity of the impairments, (3) whether the impairments meet the criteria of any Social Security Income listings, (4) the claimant's residual functional capacity and past relevant work and (5) whether the impairments preclude the claimant from engaging in other work. See Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005).

Upon consideration of these factors, the ALJ concluded that Zanor is severely impaired by "lumbar radiculopathy associated with

degenerative disc disease, status post decompression and fusion, benign hypertension, major depressive disorder and pain disorder." (Admin. R. at 17.)  Nevertheless, at step three, the ALJ found that Zanor did not qualify for disability benefits under 20 C.F.R. § 404.  Moreover, the ALJ concluded at step four that Zanor retained the residual functional capacity to "perform sedentary work, generally described as lifting and carrying ten pounds occasionally and frequently, standing or walking two hours of an eight hour day and sitting six hours of an eight hour day ... limited to low stress routine work."  (Id. at 19.)  Zanor argues that the ALJ's conclusions are not supported by substantial evidence.

**I.   Severe Impairments**

Zanor first argues that the ALJ improperly failed to consider his back problems - specifically his spinal stenosis, arthritis and post-laminectomy syndrome - as severe, medically-determinable impairments.  The ALJ attributed these conditions to Zanor's lumbar radiculopathy and degenerative disc disease, which the ALJ deemed severe.  Nevertheless, Zanor argues that the ALJ should have considered these three conditions independently.  Zanor bears the burden of proving that his spinal stenosis, arthritis and post-laminectomy syndrome are disabling impairments.  See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004).

In support of his position, Zanor argues that back surgery did not relieve him of spinal stenosis or arthritis, and that the surgery could have caused the post-laminectomy syndrome. Zanor, however, does not describe how these conditions limit his ability to work, nor does he explain why the ALJ's characterization of these conditions as symptoms of his lumbar radiculopathy and degenerative disc disease was improper. Therefore the court determines that Zanor has not met his burden of proof, and adopts the magistrate judge's recommendation.

**II. Section 12.04**

Zanor next argues that the ALJ's decision that Zanor's combination of mental and physical impairments did not meet or equal the impairments listed in section 12.04 was not supported by substantial evidence. See 20 C.F.R. § 404(P), App. 1 § 12.04. Section 12.04 lists affective disorders "characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." See id. To meet the criteria of section 12.04, a claimant must show that he has depressive symptoms resulting in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace or repeated episodes of

decompensation, each of extended duration. <u>Id.</u> If an individual meets this criteria, he "cannot reasonably be expected to do any gainful activity." <u>See</u> <u>id.</u> § 12.00.

Zanor contends that his mental and physical impairments meet the criteria of section 12.04. Specifically, Zanor notes that he has been treated for depression for over one year, that diagnostic assessments show his depression is severe and that he relies entirely on his mother and son for support. The ALJ, however, considered these facts and others, and concluded that Zanor's impairments did not meet the listing criteria. The ALJ noted that Zanor "only recently" began mental health treatment and that Zanor "engages in independent personal care and a wide range of household activities, pacing himself in tasks throughout the day." (Admin. R. at 16-17.) Furthermore, according to the ALJ, Zanor "remains well-organized around his physical health," "work[s] confidently and steadily," displays an "effective problem solving approach" and "show[s] good frustration tolerance on difficult tasks." (<u>Id.</u> at 18.) Considering the record in its entirety, substantial evidence supports the ALJ's finding that Zanor did not meet the section 12.04 criteria, and the court adopts the magistrate judge's recommendation.

### III. Medical Evidence

Zanor next argues that the ALJ improperly doubted his credibility and discounted the opinions of his treating physicians.

When evaluating a claimant's subjective complaints, an ALJ considers several factors, including objective medical evidence and observations by third parties and treating and examining physicians. See Casey v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007). Normally, the opinion of a claimant's treating physician is afforded substantial weight. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993). An ALJ, however, "may discount a treating physician's medical opinion ... when the ALJ's determination is justified by substantial evidence in the record as a whole." Dornack v. Apfel, 49 F. Supp. 2d 1129, 1143 (D. Minn. 1999); see Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997).

In his decision, the ALJ stated that he had "considered all medical opinions," that there "[were] no opinions regarding disability" and that "[Zanor's] neurologic deficits [were] not well supported in the record." (Admin. R. at 23.) Furthermore, the ALJ found that Zanor's "extensive conservative care for low back pain" had resulted in a "good resolution of radicular symptoms" and that "[Zanor] remains fairly functional with a wide range of household chores and primary care for his son." (Id.) The ALJ noted that Zanor's "allegations of disabling pain and incapacitating limitations are not consistent with the objective medical record of treating and examining physicians." (Id. at 20.) In consideration of the record, the court determines that substantial evidence supports the ALJ's assessment of Zanor's credibility and the

7

opinions of his treating physicians. Accordingly, the court adopts the report and recommendation of the magistrate judge in its entirety.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Doc. No. 13] is denied;

2. Defendant's motion for summary judgment [Doc. No. 17] is granted.

Dated:   April 27, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court
